IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| VINCENT UMBLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-4059-CV-C-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FOR FURTHER PROCEEDINGS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability benefits. The Commissioner's decision is reversed and remanded for further proceedings.

I.

At step four of the five-step sequential process for evaluating disability claims, the ALJ found Plaintiff could return to his past work as a food server. When evaluating whether a claimant can return to his past work, the ALJ must "make 'explicit findings' regarding the physical and mental demands of [his] past work, and . . . . compare those demands with [his] residual functional capacity to determine whether [he] could perform the relevant duties." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). "Food server" is not a position defined in the Dictionary of Occupational Titles, and there were no findings made regarding the demands of this job. Therefore, the Record lacks substantial evidence to support the ALJ's conclusion that Plaintiff could return to his past job.

II.

The ALJ made an alternative finding at step five, concluding Plaintiff's residual functional capacity ("RFC") permitted him to perform other work in the national economy. However, the RFC is not supported by substantial evidence in the record as a whole.[1]

At step two of the sequential process, the ALJ determined Plaintiff suffered from the following severe impairments: "cervical stenosis and spondylosis; HIV; dysthymic disorder; and difficulty with right extremity." R. at 11. In describing Plaintiff's RFC the ALJ determined Plaintiff could perform light work but the RFC includes no limitations based on Plaintiff's right arm. R. at 13. In fact, the ALJ's opinion barely mentions Plaintiff's right-arm ailments; all that appears is the following solitary statement: "A medical report by Dr. Salzer dated September 30, 2010 (exhibit 6F) states that the claimant complained of numbness, weakness, and tingling in his right upper extremity, but an examination in orthopedics and an MRI were negative." R. at 14.

The ALJ's findings at step two necessarily mean the ALJ found Plaintiff's right arm problems had more than a minimal effect on his ability to work, but the ALJ never indicated what that effect was. The Commissioner suggests the ALJ nonetheless incorporated Plaintiff's arm-related limitations when the RFC limited Plaintiff to light work. However, it appears the restriction to light work was necessitated by Plaintiff's back problems and not his arm problems, see R. at 13, and the problems reportedly associated with Plaintiff's right arm are not completely covered by a simple weight restriction. See R. at 302-04; 307-11; 338-47. It may be that the ALJ discounted the extent and severity of Plaintiff's reports, but the ALJ did not indicate he made such a finding. Moreover, the fact that orthopedics and an MRI were negative does not provide an adequate basis for discounting Plaintiff's testimony because these findings only indicated Plaintiff's arm problems lacked an orthopedic cause and that further testing was required. R. at 339.

---

[1]This conclusion also affects the ALJ's conclusion at step four that Plaintiff could return to his past job, as Lowe requires the claimant's RFC be compared to the demands of that past job.

2

The ALJ found Plaintiff's arm problems were severe, but the opinion does not reveal that any limitations were incorporated into the RFC. This unexplained discrepancy forces the Court to conclude the RFC is not supported by substantial evidence in the record as a whole.

III.

The case is remanded to for further proceedings to address the issues set forth above. In addition, given that the Record indicates further testing on Plaintiff's arm was medically dictated, the Commissioner shall allow the Record to be supplemented with additional information related to his arm. The Commissioner is also free to allow any other supplementation deemed appropriate.
IT IS SO ORDERED.


DATE: January 3, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT