IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VINCENT UMBLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-4059-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On January 3, 2014, the Court reversed the Commissioner's final decision denying Plaintiff's claim for benefits and remanded for further proceedings. Doc. #18. Thereafter, upon request and pursuant to the Equal Access to Justice Act ("EAJA") the Court awarded Plaintiff $5,494.50 in fees. Doc. #22. The award, less any setoff permitted by *Astrue v. Ratliff*, 560 U.S. 586 (2010), was to be paid directly to Plaintiff's counsel. The parties agree counsel received the entire EAJA award.

On remand, the Commissioner issued a decision favorable to Plaintiff, awarding $58,702.00 as past-due benefits. Doc. #24-1, at 9; Doc. #24-3; Doc. #24-4. Plaintiff's counsel seeks recovery of less than twenty-five percent of the award – specifically, $8,675.50. Doc. #24-1. Defendant has no objection to the fees requested by Plaintiff's counsel. Doc. #25, at 3.

Plaintiff and Counsel previously entered an agreement calling for payment to Counsel in the amount of 25% of any past due benefits. Doc. #24-1. Counsel requests that the withheld sum be awarded to her as fees pursuant to 42 U.S.C. § 406(b), which permits a Court to award an attorney "a reasonable fee for . . . representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled . . . ." This provision "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" but requires the Court to "review . . . such arrangements as an independent check, to assure they yield reasonable results in particular cases." *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 807 (2002). The Congressionally-imposed upper limit of twenty-five percent of the back due award is one boundary line, but the Court remains free to consider the character of representation, the results, and a comparison of benefits to the amount of time counsel spent on the case. *Id*. at 808. The Court is also permitted to consider, "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id.

After considering the appropriate factors identified in *Gisbrecht*, the Court holds that the requested amount of $8,675.50 is a reasonable fee. However (and as recognized by the parties) Counsel must refund the $5,494.50 EAJA award to Plaintiff. Thus, the pending motion (Doc. #24) is granted. Counsel must remit $5,494.50 to Plaintiff, and the $8,675.50 withheld by the Commissioner shall be paid to Plaintiff's Counsel.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 21, 2015          UNITED STATES DISTRICT COURT

2